AO-10 (WP)
Rev. 1/2004

# FINANCIAL DISCLOSURE REPORT

## FOR CALENDAR YEAR 2004

Report Required by the Ethics in Government Act of 1978, (5 U.S.C. App. §§101-111)

| 1. Person Reporting (Last name, first, middle initial)<br><br>Irenas, Joseph E. | 2. Court or Organization<br><br>United States District Court | 3. Date of Report<br><br>05/11/2005 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>U.S. District Judge - Senior | 5. Report Type (check appropriate type)<br><br>___ Nomination, Date ___<br><br>___ Initial  _X_ Annual  ___ Final | 6. Reporting Period<br><br>01/01/2004 to 12/31/2004 |
| 7. Chambers or Office Address<br><br>P.O. Box 2097<br>Camden, NJ 08101 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer _____ Date _____ | |

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of Instructions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| ✓ **NONE** (No reportable positions.) | |
| 1 | |
| 2 | |
| 3 | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of Instructions.)*

| DATE | PARTIES AND TERMS |
|---|---|
| ✓ **NONE** (No reportable agreements.) | |
| 1 | |
| 2 | |

FINANCIAL DISCLOSURE OFFICE
MAR 16 2 06 PM '05
RECEIVED

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of Instructions.)*

| DATE | SOURCE AND TYPE | GROSS INCOME |
|---|---|---|

### A. Filer's Non-Investment Income

| | | |
|---|---|---|
| ✓ **NONE** (No reportable non-investment income.) | | |
| 1 | | $ |
| 2 | | $ |
| 3 | | $ ✓ |

### B. Spouse's Non-Investment Income - If you were married during any portion of the reporting year, please complete this section. (dollar amount not required except for honoraria)

| | |
|---|---|
| ✓ **NONE** (No reportable non-investment income.) | |
| 1 | |
| 2 | |

## IV. REIMBURSEMENTS -- transportation, lodging, food, entertainment.

*(Includes those to spouse and dependent children. See pp. 25-27 of Instructions.)*

| | SOURCE | DESCRIPTION |
|---|---|---|
| | ☐ NONE (No such reportable reimbursements.) | |
| 1 | Georgetown Law School/ALI-ABA | Employment Law Seminar; Hotel Bill |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

## V. GIFTS. *(Includes those to spouse and dependent children. See pp. 28-31 of Instructions.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| | ✓ NONE (No such reportable gifts.) | | |
| 1 | | | $ |
| 2 | | | $ |
| 3 | | | $ |
| 4 | | | $ |

## VI. LIABILITIES. *(Includes those of spouse and dependent children See pp. 32-33 of Instructions.)*

| | CREDITOR | DESCRIPTION | VALUE CODE* |
|---|---|---|---|
| | ✓ NONE (No reportable liabilities.) | | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

| *Value Codes: | J=$15,000 or less | K=$15,001-$50,000 | L=$50,001-$100,000 | M=$100,001-$250,000 |
|---|---|---|---|---|
| | N=$250,001-$500,000 | O=$500,001-$1,000,000 | | P1=$1,000,001-$5,000,000 |
| | P2=$5,000,001-$25,000,000 | P3=25,000,001-50,000,000 | | P4=50,000,001 or more |

## VII. Page 1 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-57 of Instructions.)*

| | A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amt. Code1 (A-H) | (2) Type (e.g. div., rent or int.) | C. Gross value at end of reporting period (1) Value Code2 (J-P) | (2) Value Method Code3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, merger, redemption) | (2) Date Month Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NONE** (No reportable income, | | | | | | | | | |
| 1 | Bank of America Checking Account (Comment C) | A | Interest | L | T | | | | | |
| 2 | Crown Holdings ▮ | None | | J | T | Buy | 05/07 | J | | |
| 3 | Nuvelo, Inc. ▮ (Comment D) | None | | J | T | Buy | 08/8/03 | J | | |
| 4 | Shares in corp./Princeton bldg. only asset | E | Rent | N | W | | | | | |
| 5 | Allscripts Healthcare ▮ Comment D) | None | | J | T | Buy | 12/2/03 | J | | |
| 6 | Allscripts Healthcare, Inc. | None | | | | Sold | 02/24 | J | A | |
| 7 | Ocean City NJ G/O Mty 07/01/2007 | A | Interest | K | T | Redeemed | 07/01 | K | A | |
| 8 | NJ Health Care Facs Fing Maty Due 7/1/06 | A | Interest | J | T | | | | | |
| 9 | Wachovia Bank IRA | A | Interest | J | T | | | | | |
| 10 | Wachovia Bank IRA | A | Interest | J | T | | | | | |
| 11 | Smith Barney Money Market Account | A | Interest | K | T | | | | | |
| 12 | West NY NJ U/T FSA INSD Maty.04/01/08 | A | Interest | K | T | | | | | |
| 13 | Rhodia Inc. ▮ | None | | J | T | Buy | 10/5 | J | | |
| 14 | Eaton Vance Prime Rate | A | Dividend | K | T | | | | | |
| 15 | Bank of Amer. Invest Serv. Money Market Account (Comment C) | A | Dividend | L | T | | | | | |
| 16 | NJ EDA Heating & Cooling Due 12/01/2010 | B | Interest | K | T | | | | | |
| 17 | ▮ Anheuser Busch | A | Dividend | K | T | Buy | 02/04 | K | | |

| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less | B=$1,001-$2,500 | C=$2,501-$5,000 | D=$5,001-$15,000 | E=$15,001-$50,000 |
|---|---|---|---|---|---|---|
| | | F=$50,001- $100,000 | G=$100,001-$1,000,000 | H1=$1,000,001-$5,000,000 | H2=More than $5,000,000 | |
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less | K=$15,001-$50,000 | L=$50,001- $100,000 | M=$100,001-$250,000 | |
| | | N=$250,001-$500,000 | O=$500,001-$1,000,000 | P1=$1,000,001-$5,000,000 | P2=$5,000,001-$25,000,000 | |
| | | P3=$25,000,001-$50,000,000 | | P4=More than $50,000,000 | | |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal | R=Cost (real estate only) | S=Assessment | T=Cash/Market | |
| | | U=Book value | V=Other | W=Estimated | | |

# FINANCIAL DISCLOSURE REPORT

| Name of Person Reporting | Date of Report |
|---|---|
| Irenas, Joseph E. | 05/11/2005 |

## VII. Page 2 INVESTMENTS and TRUSTS -- income, value, transactions *(Includes those of spouse and dependent children. See pp. 34-57 of Instructions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure. | B. Income during reporting period (1) Amt. Code1 (A-H) | B. (2) Type (e.g., div., rent or int.) | C. Gross value at end of reporting period (1) Value Code2 (J-P) | C. (2) Value Method Code (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, merger, redemption) | D. (2) Date Month-Day | D. (3) Value Code2 (J-P) | D. (4) Gain Code1 (A-H) | D. (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| **NONE** (No reportable income, assets, or transactions) | | | | | | | | | |
| 18 NJ State Tpk Auth. Due 01/01/2009 | A | Interest | J | T | | | | | |
| 19 Point Pleasant NJ Sch Dist. Due 10/01/2013 | A | Interest | J | T | | | | | |
| 20 Mediscience Technology Corp., 10,000 shares | None | | J | T | | | | | |
| 21 Motorola Capital Trust, Maty 03/31/39 | A | Interest | K | T | Redeemed | 03/26 | K | A | |
| 22 NJ State EDL Facs Au Rev Montclair St Maty 07/01/10 | A | Interest | K | T | | | | | |
| 23 Lindenwold Boro NJ Bd Ed Sch FSA Maty 06/01/11 | A | Interest | K | T | | | | | |
| 24 NJ State Transp. TR FD Trans. Sys. 06/15/2008 | B | Interest | K | T | | | | | |
| 25 NJ EDA State Lease Ref. 03/15/2022 | A | Interest | J | T | | | | | |
| 26 Minneapolis Associates, Ltd.; See Comment B | C | Rent | L | T | | | | | |
| 27 Middletown Twp. NJ Bd. Ed. T/O Dated 02/15/01; Due 08/01/27 | A | Interest | J | T | | | | | |
| 28 Fidelity IRA; See Comment A | D | Dividend & Interest | P1 | T | | | | | |
| 29 - Fidelity Retirement Money Market | | | | | | | | | |
| 30 - Fidelity Magellan | | | | | | | | | |
| 31 - Fidelity Contrafund | | | | | | | | | |
| 32 - Fidelity OTC Portfolio | | | | | | | | | |
| 33 - Fidelity Overseas | | | | | | | | | |

| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less F=$50,001-$100,000 | B=$1,001-$2,500 G=$100,001-$1,000,000 | C=$2,501-$5,000 H1=$1,000,001-$5,000,000 | D=$5,001-$15,000 H2=More than $5,000,000 | E=$15,001-$50,000 |
|---|---|---|---|---|---|---|
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less N=$250,001-$500,000 P3=$25,000,001-$50,000,000 | K=$15,001-$50,000 O=$500,001-$1,000,000 | L=$50,001-$100,000 P1=$1,000,001-$5,000,000 P4=More than $50,000,000 | M=$100,001-$250,000 P2=$5,000,001-$25,000,000 | |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal U=Book value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Market | |

## VII. Page 3 INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of
spouse and dependent children. See pp. 34-57 of Instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amt. Code 1 (A-H) | (2) Type (e.g., div., rent or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code (Q-W) | (1) Type (e.g., buy, sell, merger, redemption) | (2) Date: Month-Day | (3) Value Code2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| **NONE** (No reportable income, assets, or transactions) | | | | | | | | | |
| 34 - Bristol Myers Squibb ████ See Comment A | A | Dividend | K | T | Buy | 01/09 | K | | |
| 35 - Treas. Note 2% Due 08/11/05; See Comment A | None | | O | T | Buy | 11/22 | O | | |
| 36 Wachovia Bank Checking Account | None | | J | T | | | | | |
| 37 6½% interest in music publishing business located in Europe | E | Dividend | N | W | | | | | |
| 38 Insurance Trust (Comment E) | E | Dividend | N | T | | | | | |
| 39 Manulife Whole Life Policy | A | Dividend | K | T | | | | | |
| 40 Mass Mutual Whole Life Policy | A | Dividend | J | T | | | | | |
| 41 | | | | | | | | | |
| 42 | | | | | | | | | |
| 43 | | | | | | | | | |
| 44 | | | | | | | | | |
| 45 | | | | | | | | | |
| 46 | | | | | | | | | |
| 47 | | | | | | | | | |
| 48 | | | | | | | | | |
| 49 | | | | | | | | | |

| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less F=$50,001-$100,000 | B=$1,001-$2,500 G=$100,001-$1,000,000 | C=$2,501-$5,000 H1=$1,000,001-$5,000,000 | D=$5,001-$15,000 H2=More than $5,000,000 | E=$15,001-$50,000 |
|---|---|---|---|---|---|---|
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less N=$250,001-$500,000 P3=$25,000,001-$50,000,000 | K=$15,001-$50,000 O=$500,001-$1,000,000 | L=$50,001-$100,000 P1=$1,000,001-$5,000,000 P4=More than $50,000,000 | M=$100,001-$250,000 P2=$5,000,001-$25,000,000 | |
| 3 | Value Method Codes: (See Col. C2) | Q=Appraisal U=Book value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Market | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS (Indicate part of Report.)

A. (Item 28) McCarter & English maintained a KEOGH Retirement Plan for all partners in the firm. When I withdrew from the firm, my interest in the plan was segregated into a separate account so that is is managed at my sole discretion distinctly apart from the firm's general retirement plan. Effective January 1, 1996, all participants in the plan were required to invest their accounts in one of ten mutual funds offered by Fidelity Investments, Boston, Massachusetts. Each fund participant was permitted to switch back and forth between any of these funds, but could not otherwise choose other investments. As with all mutual funds, actual investments are controlled by fund managers. Effective May 8, 2002, I withdrew from the McCarter & English plan and rolled over my entire account into an individual IRA where I was permitted to choose investments other than Fidelity funds. However, I made no change in the particular Fidelity funds in which I have been invested although in 2004 I did transfer Money Market funds into two specific investments selected by me (Nos. 34 and 34). In Part VII, I have listed values for the IRA as a whole and below that I have listed the specific funds or assets in which I am invested. I am doing that pursuant to the instructions given in correspondence from the Committee dated August 6, 2002. Item No 28 represents the value for the entire IRA. Items 29-35 represent the component parts of the IRA. I gather it is not required to complete Columns B and C for the individual component parts. See pages 57-58 of the instructions. However, I have provided (Continued on next page . . .)

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I furth██████████████████████████ployment and honoraria and the acceptance of gifts which have been reported are in complianc█████████████████████████. seq., 5 U.S.C. § 7353 and Judicial Conference regulations.

Signature ███████████████████████████    Date 5/11/05

NOTE: ██████████████████████████ND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE
SUBJEC████████████████████████ (5 U.S.C. App., § 104.)

FILING INSTRUCTIONS:

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the
United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS (Indicate part of Report.)

(. . . continued)

individual information for Nos. 34 and 35, even though these amounts are also included in the entire IRA total in No. 28.

B. (Item 26)For many years, I listed as a liability an old investment in a real estate limited partnership investment known as Minneapolis Associates, Ltd. My account had a substantial negative basis and I had been advised by my accountant that there was a risk of tax recapture liability. In the year 2001, I received an offer to purchase my interest in Minneapolis Associates, notwithstanding its substantial negative basis. I also received two cash distributions. Thus, I have removed Minneapolis Associates as a liability and listed it as an asset with the appropriate value code based on the most recent purchase offer, notwithstanding that I am still advised that the tax recapture on sale would almost equal the purchase price. I have also reported the income shown on my K-1, although there was no actual cash distribution.

C. (Items 1 and 15) Fleet Bank was merged into Bank of America.

D. Purchased in 2003, inadvertently omitted from prior report. I did report selling all my Nuvelo shares on 6/4/03, but omitted my repurchase of ███████ on 8/8/03. These were reverse split one for three leaving me at the close of 2004 with ███████

E. (Item 38) Before I became a Judge, I had created a life insurance trust to which I transferred four policies, three issued by Mass Mutual and one by Northwestern Mutual. Depending on circumstances, ███████████ will be beneficiaries of the trust when I die. The Trustee is an individual attorney. I have been paying the premiums to the Trustee, but since ███████████ are the beneficial owners of the trust, these payments to the Trustee for premiums are treated as gifts to the beneficial owners. All four policies are whole life policies which have cash values. The value code in Column B(1) reflects all dividends received by the Trustee whether or not paid out in cash or used to reduce premiums. The value code in Column C(1) reflects the combined cash value of the four policies in the trust. Dividends not used to reduce premiums are paid by the Trustee to ██████ as beneficial owner of the trust. In prior years, policy loans were made on some policies to pay a portion of the premiums. Dividends have also been used to pay interest on the policy loans.